FILED
CHARLOTTE, NC

MAR 17 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 5:26-cr-00002-MEO-DCK |
|  | ) |  |
| v. | ) | **SUPERSEDING** |
|  | ) | **BILL OF INDICTMENT** |
| (1) ODERIA DANTE GLASPY | ) |  |
| (2) RYAN LEWIS CRAIG | ) | Violations: |
| (3) HARLEY TYRELL SMITH | ) | 21 U.S.C. § 846 |
|  | ) | 21 U.S.C. § 841(a)(1) |
|  | ) | 18 U.S.C. § 2 |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
*(Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine)*

From as early as in or about May 2024 and continuing until in or about October 2025, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendants,

**ODERIA DANTE GLASPY,**
**RYAN LEWIS CRAIG,** and
**HARLEY TYRELL SMITH**

did knowingly and intentionally combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

**COUNT TWO**
*(Distribution of Methamphetamine)*

On or about February 17, 2025, in Catawba County, within the Western District of North Carolina, the defendant,

**RYAN LEWIS CRAIG,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of Title 21,

United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT THREE
*(Distribution of Methamphetamine)*

On or about March 6, 2025, in Catawba County, within the Western District of North Carolina, the defendant,

**RYAN LEWIS CRAIG,**

did knowingly and intentionally distribute a controlled substance, that is, five (5) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT FOUR
*(Distribution of Methamphetamine)*

On or about March 14, 2025, in Catawba County, within the Western District of North Carolina, the defendants,

**(2) RYAN LEWIS CRAIG** and
**(3) HARLEY TYRELL SMITH,**

aiding and abetting each other and other persons, known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18 United States Code, Section 2.

## COUNT FIVE
*(Possession with Intent to Distribute Cocaine and Cocaine Base)*

On or about April 22, 2025, in Catawba County, within the Western District of North Carolina, the defendant,

**HARLEY TYRELL SMITH,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, (1) a quantity of a mixture and substance containing a detectable amount of cocaine and (2) a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly called "crack," each a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2

**COUNT SIX**
*(Distribution of Methamphetamine)*

On or about July 9, 2025, in Catawba County, within the Western District of North Carolina, the defendant,

**ODERIA DANTE GLASPY,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**COUNT SEVEN**
*(Distribution of Methamphetamine)*

On or about August 8, 2025, in Catawba County, within the Western District of North Carolina, the defendant,

**ODERIA DANTE GLASPY,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**COUNT EIGHT**
*(Distribution of Methamphetamine)*

On or about September 11, 2025, in Catawba County, within the Western District of North Carolina, the defendant,

**ODERIA DANTE GLASPY,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of "actual" methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

3

# NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982, 853, and/or 2461(c):

a.  All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b.  All property used or intended to be used in any manner or part to commit or facilitate such violations;

c.  All property involved in such violations or traceable to property involved in such violations; and

d.  If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

A TRUE BILL

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

BRIAN KENNEY
ASSISTANT UNITED STATES ATTORNEY

4